IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.:    5:03cr5/MCR/GRJ
                                                               5:13cv409/MCR/GRJ
JACKIE L. FREEMAN

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law.

(Doc. 151).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in

part that "[i]f it plainly appears from the face of the motion and any attached exhibits

and the record of prior proceedings that the moving party is not entitled to relief, the

judge must dismiss the motion and direct the clerk to notify the moving party."   After a

review of the record, the Court concludes that the motion is untimely and, therefore,

should be summarily dismissed.

## DISCUSSION

Defendant plead guilty to (1) armed bank robbery and (2) using, carrying or

brandishing a firearm during and in relation to a crime of violence. (Doc. 31.)  He was

sentenced to a term of 41 months imprisonment on the bank robbery charge, followed

by a consecutive term of 84 months on the firearm count. (Doc. 66.)  Judgment was

entered on September 7, 2004. *Id*.  Defendant did not appeal.   Nothing further was

filed until Defendant filed the instant motion to vacate pursuant to the prison mailbox

rule[1] on December 18, 2013. (Doc. 151 at 5.)  In his motion, Defendant raises a single

ground for relief.  He contends that his convictions for armed bank robbery and for

violation of § 924(c) based on the same firearm constituted double jeopardy in violation

of his Fifth Amendment rights.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of

motions under this section. The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United
States is removed, if the petitioner was prevented from making a motion
by such governmental action;
(3) the date on which the right asserted was initially recognized by the
Supreme Court, if that right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant's judgment of conviction is dated June 28, 2002. (Doc.

151.)  Because Defendant did not appeal, his conviction became final when the time for

doing so expired.  The instant motion was filed more than nine years later.

Defendant claims that under the Supreme Court's recent decision in McQuiggin

v. Perkins, 133 S.Ct. 1924 (2013), the court may excuse the facial untimeliness of his

motion because he raises a claim of "actual innocence."  While it is true that a credible

---

[1]A pro se inmate's pleading is deemed filed at the time it is placed in the prison
mailbox or delivered to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266
(1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed
it in the prison mailbox, thus creating the "prison mailbox rule");  Washington v. United
States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court
assumes that a pro se petition is delivered to prison authorities for mailing the date it was
signed).

claim of actual innocence can provide a gateway to avoid the statute of limitations, that is not the claim Defendant raises in this case.  As the Supreme Court has stated, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623–24  (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)); *see also* McKay v. United States, 657 F.3d 1190, 1197–98 (11th Cir. 2011).

Defendant does not deny that he possessed the firearm giving rise to his conviction of the § 924(c) violation.  Rather, he asserts that he should not be penalized "twice" for his use of the same firearm because this firearm was also the basis for the armed bank robbery conviction.[2]  Defendant's double jeopardy argument does not raise a claim of actual innocense but rather only a claim of legal insufficiency of the charge.  Accordingly, because Defendant has not presented a colorable claim of actual innocence, sufficient to excuse his failure to timely file the instant motion, Defendant's motion is due to be dismissed as untimely.

Finally, there is nothing in Defendant's motion to suggest that he intended to, or is entitled to, invoke the doctrine of equitable tolling.  *See* Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  Thus, Defendant's § 2255 motion is due to be summarily denied as untimely.

---

[2]Co-defendant Stacey Butler also possessed a firearm during the robbery. (*See* Doc. 31 at 4–5.)

Case Nos.: 5:03cr5/MCR/GRJ; 5:13cv409/MCR/GRJ

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The motion to vacate, set aside, or correct sentence (Doc. 151) should be summarily **DENIED and DISMISSED** as untimely.

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 6th day of January 2014.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).